## Frederick H. Clemens *v.* William B. Price and Charles N. Brumm, Appellants.

*Sale—Delivery—Fraud—Change of possession.*

In an action to recover damages for the wrongful levy and sale of plaintiff's goods, the evidence showed that the goods were sold as the property of plaintiff's father; that plaintiff lived with his father, and worked in his shop for wages; that intending to go into business on his own account he had gradually accumulated a stock of leather and harness for that purpose; that a part of the goods were purchased directly by the plaintiff in his own name, and paid for by him; and a part was included in orders sent by his father, and on their receipt the plaintiff's share was turned over to him, and the price charged against the wages due him.   The goods were left in the father's store, but not mingled with his stock.   *Held*, that a verdict and judgment for the plaintiff should be sustained.

Argued Feb. 17, 1896.   Appeal, No. 115, July T., 1895, by defendants, from judgment of C. P. Schuylkill Co., July T., 1893, No. 89, on verdict for plaintiff.   Before STERRETT, C. J., GREEN, WILLIAMS, DEAN and FELL, JJ.   Affirmed.

Trespass to recover damages for an alleged illegal sale of plaintiff's goods.

The facts appear by the opinion of the Supreme Court.

The defendants presented the following points :

2. If the jury find that the ownership of these articles of property was transferred to F. H. Clemens by his father for wages or other considerations, and that the father continued to hold possession of them, it is such a transaction as would be a fraud upon creditors, and the verdict must be for defendant. *Answer :* Refused. [1]

3. If the jury find that the plaintiff acquired the ownership

of these articles of property from his father, and that he permitted them to remain in his father's store, it is such concurrent possession as renders the transaction fraudulent per se and the plaintiff cannot recover. *Answer:* Refused. [2]

4. If the ownership of these articles of property had been acquired by the plaintiff and he permitted them to remain in his father's harness store without anything to indicate ownership in the plaintiff, it would be a fraud upon the creditors of his father and he cannot recover in this suit. *Answer:* Refused. [3]

5. If any part of the claim made to property by the plaintiff is tainted by fraud or collusion, such fraud operates upon the whole of the transaction and there can be no recovery by the plaintiff. *Answer:* Refused. [4]

6. If the plaintiff did not assume the control of the goods so as reasonably to indicate to all concerned the change of ownership, it is a fraud in law and there can be no recovery. *Answer:* I do not know that there is any evidence on which that is relevant. Refused. [5]

Verdict and judgment for plaintiff for $30.00. Defendants appealed.

*Errors assigned* were, (1–5) above instructions, quoting them.

*George Dyson, Charles N. Brumm* with him, for appellants. —Where the sale of personal property, reasonably susceptible of delivery, is not accompanied by a transfer of the actual possession, although valid and binding as between the parties, it is a fraud per se as to creditors and bona fide subsequent purchasers, without regard to the intent of the parties: Buckley v. Duff & Sons, 114 Pa. 597; Young v. McClure, 2 W. & S. 147; McPherson v. Kinnear, 12 W. N. C. 40; Rothermel v. Marr, 98 Pa. 285; Barr & Daugherty v. Boyles, 96 Pa. 31; Evans v. Scott, 89 Pa. 136.

*D. C. Henning,* for appellee, filed no printed brief.

OPINION BY MR. JUSTICE FELL, March 9, 1896:

The defendants' second, third and sixth requests for charge should have been affirmed if there was testimony tending to show that the plaintiff's title to the goods in question had been

acquired from his father, as whose property they were sold by the constable. The question of delivery would then have arisen. It appears however from the testimony that the goods were purchased from third parties either by the plaintiff or for him, and that the title was not vested in his father. The plaintiff lived with his father and worked in his shop for wages. Intending to go into business on his own account he was gradually accumulating a stock of leather and harness for that purpose. A part of the goods in question was purchased directly by the plaintiff in his own name, and paid for by him; a part was included in orders sent by his father, and on their receipt the plaintiff's share was turned over to him and the price charged against the wages due him. The goods were left in his father's store but not mingled with his stock. This is clearly the import of the uncontradicted testimony, and no question except whether the goods were, as between themselves, the property of the plaintiff or his father seems to have been raised at the trial.

In the two or three instances where in his cross-examination J. C. Clemens spoke of a sale of the goods the word sale was suggested by the question asked, and used inaccurately by the witness in explaining the disposition made of goods which he had testified were purchased by or for the plaintiff. The only question raised by the testimony was that of the good faith of the transaction, and upon this subject the charge of the learned judge was clear and adequate, and there was no error in refusing the points, as they had no application to this question.

The judgment is affirmed.